UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>RAHSHIM CARTER | No. 3:22-cr-132 (SRU)<br>No. 3:14-cr-51 (SRU) |

**ORDER ON DEFENDANT'S MOTION TO CORRECT JUDGMENT AND APPLY FIRST STEP ACT CREDITS AND THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION**

Rahshim Carter filed a Motion to Correct Judgment and to Apply First Step Act ("FSA") credits. Dkt. No. 3:22-cr-132, Doc. No. 46; Dkt. No. 3:14-cr-51, Doc. No. 70. Carter requests that I enter an Amended Judgment reflecting that he was sentenced as a criminal history category 4 rather than as a criminal history category 6 offender, and seeks the application of First Step Act credits, which he claims have not been properly credited to affect his release date. *Id.* at 1-2. The government moves to dismiss Carter's case for lack of jurisdiction. *See generally* Dkt. No. 3:22-cr-132, Doc. No. 48.

Carter's request to amend the judgment is denied. There is no error in the judgment. Carter's Guideline range was initially calculated using a criminal history category 6, but I departed downward to a criminal history category 4. Dkt. No. 3:22-cr-132, Doc. No. 42 at 17. I departed based on my assessment that Carter's criminal history substantially over-represented the seriousness of his criminal history and the likelihood that he would commit other crimes. *See* U.S.S.G. § 4A1.3(b)(1). The criminal history score does not appear in the judgment, so amending the judgment would not help Carter. *See generally* Dkt. No. 3:22-cr-132, Doc. No. 43.

Moreover, the Bureau of Prisons makes a separate assessment of an inmate's risk of recidivism. I have no role in the Bureau of Prisons' evaluation and cannot affect that assessment.

Nor can I order the application of First Step Act credits. Carter is an inmate at FCC Allenwood, which is in Pennsylvania. Because, as the government notes in its motion to dismiss, the application of First Step Act credits is an issue that must first be exhausted administratively and then brought to the District Court in the district of an inmate's confinement by filing a petition under 28 U.S.C. § 2241, I have no jurisdiction to hear that issue. *See United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021) (stating incarcerated individuals must exhaust all administrative remedies before requesting judicial relief under the First Step Act); Dkt. No. 3:22-cr-132, Doc. No. 48 at 1-3.

Accordingly, the government's motion to dismiss, doc. no. 48, is **granted**. Dkt. No. 3:22-cr-132. Carter's Motion to Correct Judgment is **denied** and the Motion to Apply FSA Credits is **dismissed without prejudice** for lack of jurisdiction in this Court. Dkt. No. 3:22-cr-132, Doc. No. 46; Dkt. No. 3:14-cr-51, Doc. No. 70.

So ordered.

Dated at Bridgeport, Connecticut, this 14th day of October 2025.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge